UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   Docket No._____
JOYCE POTURICA,

                                Plaintiffs,

-against-                                  **COMPLAINT**

THE CITY OF GLEN COVE, COVE ANIMAL
RESCUE, and BETTY GEIGER
                                Defendants.
----------------------------------------------------------X

Plaintiff JOYCE POTURICA, by and through her undersigned attorneys, complaining of the Defendants herein, allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 & 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this case pursuant to 28 U.S.C. § 1391.

3. Plaintiff also filed a notice of claim dated June 5, 2018.

## PARTIES

4. Plaintiff JOYCE POTURICA is an adult individual who resides in Sea Cliff, New York.

5. Defendant CITY OF GLEN COVE is a municipal corporation organized and existing under the laws of the State of New York with its principal place of business located at Nine Glen Street, Glen Cove, New York.

6. Defendant COVE ANIMAL RESCUE, at all relevant times, was a domestic not-for-profit corporation operating under and by virtue of the laws of the State of New York,

1

with its principal place of business located in the County of Nassau and State of New York.

7. Defendant BETTY GEIGER at all times relevant was the director of Cove Animal Rescue and as such was the chief decision maker for the Rescue.

## ALLEGATIONS

8. Plaintiff, Joyce Poturica, is a 74-year old female who is semi-retired at this time. Over the last 3 or 4 years, she has volunteered at Defendant Cove Animal Rescue, an animal shelter located in Glen Cove, New York partnered with the City of Glen Cove. She assisted in re-socializing animals so as to find families willing to adopt these animals as pets. Plaintiff has personally adopted several cats from the shelter over the last two years. The Plaintiff has devoted a substantial portion of her free time over the last couple of years to this animal shelter and has understandably developed an emotional attachment to her work there as well as the animals she cares for. On many occasions, she has volunteered as much as 3-4 times weekly.

9. Upon information and belief, Cove Animal Rescue is the only animal shelter in the City of Glen Cove and handles all animal control related duties for the City thus providing a public service to the City as per a contract between the City and Cove Animal Rescue. In return the City funds Cove Animal Rescue as well as provides oversight to the shelter. Betty Geiger at all relevant times was the director of the shelter.

10. Plaintiff first had issues with Geiger in or about 2016. During that time, Plaintiff's concerns raised concerns with Geiger, the director of the shelter, about how the shelter was being run, as well as the treatment of the animals in their care. Rather than listen to Plaintiff's concerns about the shelter, Geiger unceremoniously banned Plaintiff from the

2

shelter in clear violation of Plaintiff's First Amendment rights. Eventually, Plaintiff was allowed back into the shelter.

11. On January 26, 2018 Plaintiff was informed that one of the cats that Plaintiff had cared for at the shelter, and personally invested a lot time with, Lizzi, was euthanized. This coincided with the deaths of several other cats at the shelter within a short period of time and Plaintiff was understandably upset. Plaintiff expressed her frustration with the shelter to Barbara Hall, one of the shelter's Board members, and Cathy, another employee at the shelter. Upon information and belief, this conversation was relayed to Geiger by either Barbara or Cathy.

12. In a phone call with Geiger on January 31, 2018, Plaintiff expressed her interest in adopting another cat from the shelter. Without explanation, Geiger denied Plaintiff's request, despite the shelter's stated goal of seeking adoptive families for these animals. During the same phone call, Plaintiff was informed that she was barred from volunteering at the shelter. The decision was again solely made by Geiger. Ms. Geiger cited Plaintiff's frustration over the euthanizing of Lizzi as the cause of the ban, and fabricated claims that Plaintiff was disrespectful to other employees. Geiger also denied Plaintiff from adopting another cat from the shelter. Upon information and belief, the sole reason Geiger banned Plaintiff from the shelter was because Geiger did not personally approve of Plaintiff's speech.

13. In an effort to persuade Ms. Geiger to rescind the banishment of her services, Plaintiff wrote a letter to Ms. Geiger dated February 7, 2018 expressing her remorse over her reaction after hearing the news of Lizzi's death. She urged Ms. Geiger to reconsider given the fact that Plaintiff has volunteered much of her time over the years at this shelter

3

and has helped facilitate the adoption of many pets. In addition to an apology, Plaintiff also offered to make a generous donation to the shelter. Despite this, Geiger kept her arbitrary and capricious ban in place.

14. In addition, Plaintiff wrote a letter dated February 20, 2018 to Tom Tenke, the Mayor of Glen Cove. On the same day, she also met with Deputy Mayor Maureen Basdavanos and reiterated her grievances with Ms. Geiger. Ms. Basdavanos was sympathetic to Plaintiff's plight and mentioned that she had received other complaints about Ms. Geiger.

15. In or around the end of March 2018, Plaintiff was advised by Basdavanos that she was allowed by Geiger to re-enter the animal shelter, so long as she was accompanied by another volunteer hand-picked by Geiger to "observe" Plaintiff. This person was a regular volunteer with the shelter and currently in good standing with the shelter. Plaintiff was accompanied by him on Sunday March 25, 2018 and volunteered at the shelter without incident. When they returned the very next day on Monday March 26, they were halted by Barbara Hall and Cathy. Plaintiff was advised that she may only come to the shelter on Sundays. Plaintiff responded that the City of Glen Cove had told her otherwise. The employees, upon information and belief, told Plaintiff that the City of Glen Cove does not run the shelter. The following day, March 27th, Geiger informed Plaintiff that she was only allowing Plaintiff to return on Sundays between 2:00 PM and 4:00 PM as a favor to Maureen Basdavanos.

16. Plaintiff was restricted even further, as Geiger told her that she may only come in to the shelter on Sundays between 2 and 4 PM, knowing full well that Plaintiff's work schedule makes it almost impossible for her to help at the shelter during this brief two-hour window. Additionally, two hours a week is not enough time for Plaintiff to effectively

keep up Plaintiff's relationship with the cats, thus interrupting the socialization process that is essential to helping find adoptive families for these animals. Furthermore, it is an improper restriction on her rights to enter a public facility without just cause, as well as retaliation for Plaintiff exercising her rights of free speech.

17. The arbitrary limitations imposed by Defendant on Plaintiff's ability to volunteer at the shelter are a direct violation of her First Amendment rights guaranteed under the United States Constitution. Furthermore, all of Geiger's actions and bans imposed on Plaintiff are clear instances of retaliation for Plaintiff exercising her First Amendment rights

## AS AND FOR A FIRST CAUSE OF ACTION

18. The above stated actions of the Defendants in harassing and banning Plaintiff as a taxpaying citizen from being able to enter a public facility is unconstitutional on its face in that it is a violation of the Plaintiff's First Amendment rights to access to the government.

19. The Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

20. The above stated actions of the Defendants in harassing and banning the Plaintiff from continuing to perform her volunteer work after she reported instances of animals receiving improper medication and being neglected at the Shelter, and lobbying for the implementation of certain operational programs is unconstitutional as applied in that it is a violation of the Plaintiff's First Amendment rights to be free from retaliation for having spoken out on issues relating to Shelter operations.

21. The Plaintiff has been damaged in the ways set forth above.

## AS AND FOR A THIRD CAUSE OF ACTION

22. The above stated actions of the Defendants in harassing and banning the Plaintiff from continuing to perform her rescue work is unconstitutional as applied in that it is a violation of the Plaintiff's rights to equal protection under the law because other similarly situated volunteers have since been allowed to enter the Shelter after the banishment of the Plaintiff.

23. The Plaintiff have been damaged in the ways set forth above.

24. The City has, while acting under color of state law, deprived the Plaintiff of her constitutional rights, as secured by the First and Fourteenth Amendments to the United States Constitution, and all related provisions of the New York State Constitution. The Town is liable for the actions of the individually named Defendants because the Town officials intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of the Plaintiff's constitutional rights. Such deliberate indifference may be inferred in the following ways:

   a. Defendants' custom or practice of discriminating and/or retaliating against individuals based on their constitutionally-protected forms of speech, expression and association. The discriminatory practices were so persistent and widespread that they constitute the constructive acquiescence of policymakers.

   b. Supervisors failed to properly investigate and address allegations of discrimination, retaliation and/or harassment.

   c. Inadequate training/supervision was so likely to result in the discrimination, retaliation, and/or harassment that policymakers can reasonably be said to have been deliberately indifferent to the need to provide better training and supervision.

   d. Policymakers engaged in and/or tacitly condoned the discrimination/retaliation.

25. The Plaintiff has been damaged in the ways set forth above.

**WHEREFORE**, the Plaintiff demand the Court enter judgment in their favor and against the Defendants as follows:

A. Declaring the banning of Plaintiff as a taxpaying citizen from a public facility unconstitutional on its face;

B. Issuing a permanent injunction mandating that the Defendants allow the Plaintiff to re-enter the Shelter and prohibiting the Defendants from any further actions inhibiting the Plaintiff's exercise of her constitutional rights;

C. Directing the Defendants to pay to the Plaintiff all compensatory, punitive, and liquidated damages to which she may be entitled;

D. Directing the Defendants to pay the Plaintiff's attorneys fees should the Plaintiff be the prevailing party to this action;

E. Directing the Defendants to pay the costs and disbursements associated with this action; and,

F. Granting such other and further relief that to the Court seems just and proper.

**Further,** the Plaintiff demands a trial by jury.

Dated: Garden City, New York
April 29, 2019

Yours, etc.

_____
Jonathan A. Tand
RAISER & KENNIFF
300 Old Country Road Suite 351
Mineola, New York 11501
(516) 742 7600