

STEVEN C. STERN
SSTERN@SOKOLOFFSTERN.COM

September 13, 2019

Via ECF
Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   *Poturica v. The City of Glen Cove, et al.*
> Docket No. 19 Civ. 03367 (MKB) (LB)
> File No. 190103

Your Honor:

We represent defendant City of Glen Cove in the above referenced case. We write to request a pre-motion conference in anticipation of moving to dismiss this lawsuit against the City on various grounds. The Complaint does not set forth a viable *Monell* claim, but rather that City officials actually assisted Plaintiff; Cove is a private contractor that did not act under color of law; and Plaintiff's equal protection claim is barred by the principles set forth in *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 128 S. Ct. 2146 (2008).

Background

Defendant Cove Animal Rescue is under contract[1] with the City of Glen Cove to manage and control an animal shelter in the City. (¶ 9.) The contract provides Cove is solely responsible for the animals in its care, maintaining the facility, the costs of veterinary care, and states that Cove "shall be solely responsible for the recruitment, hiring and/or terminating of all staff and/or volunteers, including but not limited to all trainers, evaluators and veterinary personnel."

Plaintiff alleges she previously volunteered for Cove, and adopted several cats. She reported to Defendant Betty Geiger, Cove's "director" and "chief decision maker." (¶ 7.) Plaintiff first had issues with Geiger in 2016, when she raised concerns about the operation of the shelter

---

[1] The Court may consider this agreement because it is referenced in paragraph 9 of the Complaint. *See Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 607 (E.D.N.Y. 2017) (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

and treatment of the animals. After new issues arose in January 2018, Geiger banned her from the shelter. The complaint asserts "the decision was … solely made by Geiger." (¶ 12.)

When Plaintiff was unable to persuade Geiger to lift the ban, she wrote to Mayor Tim Tenke on February 20, 2018. That same day, Plaintiff met with Deputy Mayor Maureen Basdavanos, who "was sympathetic to Plaintiff's plight," and convinced Geiger to allow Plaintiff to continue to volunteer under the supervision of another volunteer. (¶¶ 14-15.) When Plaintiff returned and was told she was limited to Sundays between 2 p.m. and 4 p.m., Plaintiff was told by Cove employees that "the City of Glen Cove does not run the shelter." (¶ 15.) The Complaint does not allege Plaintiff was again banned by Cove, but that the time limitation improperly restricts her access and "interrupt[s] the socialization process" with the cats. (¶ 16.)

The City of Glen Cove's Anticipated Motion to Dismiss

The Complaint should be dismissed against the City for several reasons. First, a municipality may not be held liable under 42 U.S.C. § 1983 under *respondeat superior* for the actions of its own employees, let alone those of an outside contractor. Second, Plaintiff does not allege the City took any adverse action against her. On the contrary, she alleges City officials helped her by persuading Cove to allow her to work there. Third, Cove did not act under color of law, as an outside contractor independently ran the shelter. Fourth, Plaintiff's Equal Protection claim is an impermissible class-of-one claim in the employment context.

"It is well-settled that a municipality may not be held liable for its employees' constitutional violations under a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). Rather, a plaintiff must establish the municipality itself was at fault. *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985). To prevail on a Section 1983 claim against a municipality, a plaintiff must demonstrate the alleged constitutional violation resulted from a specific municipal policy, practice, or custom. *Monell*, 436 U.S. at 694. Conclusory allegations of municipal custom or policy will not satisfy the requirements of *Monell*. *Gonsalves v. Brooklyn Det. Complex*, No. 15CV5750 (RRM), 2016 WL 1452381, at *2 (E.D.N.Y. Apr. 13, 2016) (allegations that employee "acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient") (*quoting Missel v. Cty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009)). Plaintiff does not assert that Cove's actions resulted from some municipal policy, practice, or custom, much less an unconstitutional one, and her conclusory allegations do not come close to stating a plausible *Monell* claim. Geiger does not work for the City; she is certainly not one of the City's final policymaking officials. If anything, the Complaint asserts that the City officials *supported* Plaintiff.

Nor can Plaintiff satisfy a fundamental element of a Section 1983 claim, the "color of state law" requirement, which "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Spavone v. Transitional Servs. of New York Supportive Hous. Program (TSI)*, No. 16-CV-1219 (MKB), 2016 WL 2758269, at *3 (E.D.N.Y. May 12, 2016) (internal quotation and citation omitted) (*quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40,

SOKOLOFF STERN LLP

49–50 (1999)). At most, Plaintiff alleges the City has an agreement with Cove to operate the shelter and provided some funding. But "[n]either the mere existence of a contract between a governmental agency and a private party nor the fact that a private entity leases space from a governmental agency is sufficient to create state action." *Rambaldi v. City of Mount Vernon*, No. 7:01-CV-03648-GAY, 2003 WL 23744272, at \*4 (S.D.N.Y. Mar. 31, 2003) (citation and internal quotations omitted), *aff'd*, 96 F. App'x 775 (2d Cir. 2004). Cove and Geiger were not acting under color of state law, and cannot bind the City of Glen Cove.

Even if Cove was the City, Plaintiff's Equal Protection claim based on her voluntary employment would be an impermissible "class-of-one" claim. *See Monz v. Rocky Point Fire Dist.*, No. 06-CV-5710(JS)(AKT), 2009 WL 10702669, at \*2 (E.D.N.Y. Dec. 14, 2009) (volunteer firefighter's class-of-one equal protection claim barred by *Engquist*) (*citing Engquist*, 553 U.S. at 591, 128 S. Ct. 2146; *see also Whitehead v. City of New York*, 953 F. Supp. 2d 367, 377 (E.D.N.Y. 2012) (dismissing equal protection claim premised on the First Amendment as class-of-one claim barred by *Engquist*).

Finally, the City is immune from punitive damages. *See, e.g. Epter v. New York City Transit Auth.*, 216 F. Supp. 2d 131, 137 (E.D.N.Y. 2002).

We look forward to discussing these issues with Your Honor at a pre-motion conference.

Respectfully submitted,

SOKOLOFF STERN LLP

STEVEN C. STERN

cc [via ECF]:
All counsel of record